The State v. Tucker.

1. JUDGMENT LIEN : parol release.

Affirmed.

# The State v. Tucker *et al.*

1. **Habeas corpus:** CONCLUSIVENESS OF DECISION. A party charged with a crime, was recognized by an examining magistrate and gave bond for his appearance. The next day the magistrate, believing the bond to be insufficient, canceled his acceptance thereof and caused the re-arrest of the prisoner, who thereupon sued out a writ of *habeas corpus* to test the legality of the magistrate's action, upon the hearing of which the release of the prisoner was denied, whereupon he executed a new bond, and afterward made default. *Held*, in an action on this bond, that the prisoner, having taken no appeal from the decision in the *habeas corpus* proceeding, could not go behind the same, and again call in question collaterally the regularity of the magistrate's acts.

*Appeal from Linn District Court.*

Thursday, June 6.

Suit on a bail bond, tried to the court, which found the following facts: That on the 13th of February, 1866, the defendant Tucker was arrested on a charge of incest, and held to appear by the examing magistrate at the succeeding term of the District Court, in the penal sum of five hundred dollars; that he executed a bond in that sum with his wife as security, who justified as required by law, which bond was accepted by the magistrate, and the prisoner discharged from custody. The next day, the magistrate believing the bond to be insufficient in law, canceled his acceptance thereof as well as the jurat to the affidavit of the surety; placed a warrant of commitment in the hands of the officer, with directions to re-arrest the prisoner, which was accordingly done, and thereupon the prisoner sued out a writ of *habeas corpus*, from the County Court of Linn county, alleging his illegal imprisonment by said officer, etc. That upon hearing, this application was refused, and the prisoner remanded to the custody of the officer. Whereupon he executed a new bond, with his co-defendants in this suit, Hervey and Stephens, as sureties. That Tucker made default at the March term, 1866, and failed to comply with the terms of the bond sued upon, and such default duly entered and the bond forfeited.

From the foregoing facts, the court found the following conclusions of law:

1. That the first bond given by Tucker with his wife as surety, was a good and valid bond.

2. That the second arrest by the sheriff, after Tucker was discharged upon giving ample and approved bail, was without authority of law, and illegal.

3. That inasmuch as the defendant sued out a *habeas corpus* before the county judge, who, upon hearing, refused to discharge the defendant, and held his arrest legal and valid, and he voluntarily gave the bond in controversy in order to procure his release from such arrest, the same is not obnoxious to the charge of having been given under duress, and therefore the State ought to recover judgment against the defendants, which is accordingly rendered in the sum of $519.40, together with costs. The defendants except, appeal, and assign for error the third conclusion drawn from the facts found.

*Thomas Corbett* for the appellants.

*F. E. Bissell,* Attorney-General, for the State.

LOWE, Ch. J.—The question is not whether the first bail bond was valid or not valid, nor whether the justice of the peace had or had not authority to treat the same as a nullity, and order the re-arrest of the prisoner, but whether, having challenged the right and power of the magistrate to do so, by a proceeding under a writ of *habeas corpus*, the prisoner can go behind the decision in that proceeding (the same being against him, yet in which he acquiesced, prosecuting no appeal therefrom), and thus again call in question, collaterally, the regularity of the magistrate's acts in the premises. This certainly cannot be an open question, and we hesitate not to affirm the judgment below.

1. HABEAS CORPUS: conclusiveness of decision.

Affirmed.